UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES – GENERAL

| No. | 5:23-cv-00881-ODW (SHKx) | Date | June 16, 2023 |
|---|---|---|---|
| Title | *Ernestina Nunez et al. v. Nissan North America, Inc.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings (In Chambers):**     Order REMANDING Case (Diversity Jurisdiction – Amount in Controversy)

On March 16, 2023, Plaintiffs Ernestina Nunez and Javier Nunez initiated this action against Defendant Nissan North America, Inc. in state court. (Notice of Removal ("NOR") ¶ 1, ECF No. 1.) In their Complaint, Plaintiffs assert claims against Nissan for violations of express and implied warranties under the Song-Beverly Warranty Act and fraud. (NOR Ex. A ("Compl.") ¶¶ 83–143, ECF No. 1-2.) Plaintiffs seek general, special, and actual damages; rescission; incidental and consequential damages; civil penalties; prejudgment interest; punitive damages; prejudgment interest; and attorneys' fees and costs. (*Id.* at 30.)

On May 16, 2023, Nissan removed the action to this Court based on diversity jurisdiction. (*See generally* NOR.) On May 18, 2023, the Court ordered the parties to show cause why this action should not be remanded for lack of diversity jurisdiction due to an insufficient amount in controversy. (OSC, ECF No. 8.) On June 8, 2023, Nissan filed a Response. (Resp., ECF No. 9.)

Having reviewed Nissan's Notice of Removal and Response to the Court's Order to Show Cause, the Court hereby **REMANDS** the action based on Nissan's failure to establish that the amount in controversy exceeds $75,000.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in a state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 5:23-cv-00881-ODW (SHKx) | Date | June 16, 2023 |
|---|---|---|---|
| Title | *Ernestina Nunez et al. v. Nissan North America, Inc.* | | |

court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. Accordingly, a defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship among the adverse parties and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

A notice of removal based on diversity jurisdiction must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Where "the plaintiff contests, or the court questions, the defendant's allegation" concerning the amount in controversy, "both sides submit proof," and the court decides whether the defendant has proven the amount in controversy by a preponderance of the evidence. *Id.* at 88–89. Moreover, "[t]he 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing" subject matter jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

*Actual Damages.* Under the Song-Beverly Act, a plaintiff may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by "that amount directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C). This includes a mileage offset. The offset is calculated by reducing the purchase price by an amount directly proportional to the number of miles driven. *See id.* § 1793.2(d)(2)(C).

Here, Nissan argues that Plaintiffs' prayer for actual damages places $25,906.57 in controversy, based on a purchase price of $29,355.44 minus an offset of $3,448.87. (Resp. 8.) Plaintiffs have not responded to contest these figures, and Nissan's calculations appear proper under the Song-Beverly damages framework. The Court therefore assumes for the purpose of this Order, without making any related legal or factual determinations, that the actual damages Plaintiff might recover in this case are properly calculated to be <u>$25,906.57</u>.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 5:23-cv-00881-ODW (SHKx) | Date | June 16, 2023 |
|---|---|---|---|
| Title | *Ernestina Nunez et al. v. Nissan North America, Inc.* | | |

Nissan argues that three additional damages categories bring the amount in controversy to over $75,000: civil penalties, attorneys' fees, and punitive damages. For the following reasons, however, Nissan fails in its burden of demonstrating that the amount in controversy under any of these categories brings this case past the jurisdictional threshold.

*Civil Penalties*. Nissan's inclusion of civil penalties to establish the amount in controversy is highly speculative and insufficient to meet its burden. "A plaintiff who establishes that a violation of the [Song-Beverly] Act was willful may recover a civil penalty of up to two times the amount of actual damages." *See* Cal. Civ. Code § 1794(c). However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, No. 19-CV-151-CAB-MDD, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (remanding where the defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy). Instead, district courts regularly find that a Song-Beverly plaintiff's boilerplate allegations regarding a defendant's willfulness are, without more, insufficient to place civil penalties in controversy. *Estrada v. FCA US LLC*, No. CV 20-10453 PA (JPRx), 2021 WL 223249, at *3 (C.D. Cal. Jan. 21, 2021) (collecting cases and remanding where defendant's inclusion of civil penalties to establish the amount in controversy was "too speculative and not adequately supported by the facts and evidence"). This is because "[s]imply assuming a civil penalty award is inconsistent with the principle that the defendant must provide evidence that it is more likely than not that the amount in controversy requirement is satisfied." *Makol v. Jaguar Land Rover N. Am., LLC*, No. 18-cv-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) (internal quotation marks omitted); *see Zawaideh v. BMW of N. Am., LLC*, No. 17-CV-2151 W (KSC), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) ("[T]he defendant must make some effort to justify the assumption."); *see also Khachatryan v. BMW of N. Am., LLC*, No. CV 21-1290 PA (PDX), 2021 WL 927266, at *2 (C.D. Cal. Mar. 10, 2021).

Here, beyond merely pointing to Plaintiffs' allegations seeking civil penalties, Nissan does not present any argument or evidence supporting the potential application of civil penalties. (*See* Resp. 4–5.) Without any evidence from Nissan that civil penalties are actually in controversy, the Court doubts whether civil penalties are more-likely-than-not in controversy, and accordingly, the Court does not include civil penalties in the amount in controversy calculations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 5:23-cv-00881-ODW (SHKx) | Date | June 16, 2023 |
|---|---|---|---|
| Title | *Ernestina Nunez et al. v. Nissan North America, Inc.* | | |

*Punitive Damages.* Nissan's inclusion of punitive damages is likewise speculative and insufficient to meet its burden. "[T]he mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." *Ogden v. Dearborn Life Ins. Co.*, --- F. Supp. 3d. ---, 2022 WL 17484616, at *3 (D. Ariz. 2022). "Defendant must present appropriate evidence, such as jury verdicts in analogous cases, to show that a claim for punitive damages establishes that it is more likely than not that the amount in controversy exceeds $75,000." *Id.* This involves "articulat[ing] why the particular facts that are alleged in the instant action might warrant extraordinary punitive damages." *Id.* (quoting *Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996)).

Here, Nissan fails in its burden. It points to other cases where courts awarded punitive damages in an amount 1.5x greater than the actual damages, but it fails to articulate how the facts of this case are anything like the facts of the cited cases. Accordingly, the Court does not include punitive damages in the amount in controversy calculations.

*Attorneys' Fees.* In the Ninth Circuit, attorneys' fees awarded under fee-shifting statutes can be considered in assessing the jurisdictional threshold. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 649 (9th Cir. 2016). But a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

Here, Nissan argues that the Court should include $23,220.55 as the amount of attorneys' fees in controversy, based on an actual attorney fee award in a different lemon law case. (Resp. 7–8.) Even if the Court accepts this argument, adding actual damages ($25,906.57) to attorneys' fees ($23,220.55) yields a value that falls significantly short of the required $75,000 threshold.

For these reasons, Nissan fails to demonstrate that the amount in controversy exceeds $75,000, and the Court accordingly lacks diversity jurisdiction. Thus, the Court **REMANDS** this case to the Superior Court of California, County of Riverside, 4050 Main Street, Riverside, CA 92501, Case No. CVRI2301327. Plaintiffs' Motion to Remand is **DENIED AS MOOT**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | 5:23-cv-00881-ODW (SHKx) | Date | June 16, 2023 |
|---|---|---|---|
| Title | *Ernestina Nunez et al. v. Nissan North America, Inc.* | | |

(ECF No. 10.)  All dates and deadlines are **VACATED**.  The Clerk of the Court shall close this case.

**IT IS SO ORDERED**.

                                                                                                   : 00

Initials of Preparer   SE